JUSTICE RICE
concurring in part and dissenting in part.
¶83 I concur with the Court’s opinion with the exception of Issue 4, on the taxation of costs.
¶84 The Court’s error is its attempt to force the assessment of costs and the filing of the judgment into a solitary procedure and timeline, when the statutes provide that these two matters can occur separately. Section 25-10-501, MCA, initiates the cost process by providing that the party “in whose favor judgment is rendered” has five days after receiving notice of the verdict or decision to file for costs. Section 25-10-502, MCA, then allows a party who is dissatisfied with the claimed costs, within five days after receiving notice of the prevailing party’s cost filing (thus, adding an extra day or days to the process when notice is mailed), to request taxation by the court “in which the judgment was rendered.” In other words, the judgment may very well *268 have been entered by then-the judgment can be filed independently of these time frames and is not to be held hostage by a dispute between the parties over costs.
¶85 Indeed, there may well be cases in which an urgency requires a judgment to be immediately entered. The Court’s decision today stalls the filing of a judgment until completion of the cost process. There is no authority for requiring such a delay in a judgment’s entry, and a prevailing party should not have to choose between claiming costs and having the judgment entered immediately.
¶86 Section 25-10-504, MCA, provides that, if there is no objection to the claimed costs, then the clerk must enter the costs “in the judgment entered up by him.” Or, if an objection to costs has resulted in the court taxing costs, the clerk must “if not included in the judgment, insert the same in a blank left in the judgment for that purpose and must make a similar insertion of the costs in the copies and docket of the judgment.” Thus, this statute also contemplates that by the time that costs are resolved, the judgment may have already been entered and docketed, and costs are simply added thereto.
¶87 Substantially similar language is found in § 25-9-204, MCA, regarding the clerk’s duty to add interest to the judgment:
Clerk to include interest in judgment. The clerk must include in the judgment entered up by him any interest on the verdict or decision of the court, from the time it was rendered or made.
Thus, interest, like costs, is an ancillary issue that does not interfere with the entering of the judgment itself.
¶88 Consequently, I believe the Court errs by holding that by “entering a Judgment” the District Court deprived the Sherners of the opportunity to object to the bills of costs as permitted by § 25-10-502, MCA. See ¶ 49. Costs were not finally determined by the entry of the judgment because the two matters function separately. The option of objecting was open, and thereafter, the entered judgment could have been updated by whatever resulted from the cost process. The Sherners failed to file an objection to the costs, and thus waived the opportunity to do so.